## Wm. H. Neville & Co. *v.* Administrator, etc., of Stephen Hambo, deceased.

1. The deposition of a plaintiff, taken during the pendency of the suit, is not admissible on the trial when the defendant has since deceased.
2. In the administration of justice, the admissibility, or competency, of instruments of evidence must depend on the state of fact existing when they are presented for examination.

General Term.—Proceeding in error to reverse a judgment of Gholson, J., rendered for the defendant at the special

term of February, A. D. 1857. During the pendency of the suit, Stephen Hambo, the original defendant died, and thereupon the cause was revived against John C. Holzhab, administrator of defendant's estate.

The facts sufficiently appear in the decision.

*Mills & Hoadly,* for plaintiffs in error.

*Stallo & Leake,* for defendant in error.

STORER, J., delivered the opinion of the court.

The plaintiffs in error prosecuted their suit in special term, against the defendant, and, upon the trial, offered in evidence the deposition of one of them, taken before the death of the defendant's intestate. The deponent was a non-resident; and, at the time he testified, was a competent witness, and the question arose whether his testimony could be received, the original defendant having deceased since it was taken. The judge rejected it; his opinion was excepted to, and we are now asked to hold that he erred in doing so.

By section 349 of the code, " when a deposition has been once taken, it may be read in any stage of the same action or proceeding, or in any other action or proceeding upon the same matter, between the same parties, subject, however, to all such exceptions as may be taken thereto, under the provisions of Title 10." This title includes the general head of evidence, defining who are competent witnesses, as well as the mode of taking their testimony. A very serious innovation upon the long established rules of competency and incompetency, is introduced by section 313, which prohibits a party, otherwise competent, by section 310, from testifying, " where the adverse party is the executor or administrator of a deceased person, when the facts to be proved transpired before the death of such deceased person."

In the case before us, it can not be contended that, if the plaintiff, whose deposition was offered, had been present, and

offered himself as a witness, his testimony would be received. He was clearly incompetent, by the express language of section 313. If, then, he could not be admitted to testify, it would seem, necessarily, to follow, his previous deposition could not be permitted to be read.

Such, we think, must be the true construction of the code. To give any other, we must charge it with inconsistency.

Under the former practice of our courts, a question very similar to the present, in principle, was considered in 17 Ohio, 44, *Fagin* v. *Cooley's Adm'r*; and it was there held, that "a deposition can not be read in evidence on a trial at law, unless the deponent would be a competent witness, if personally present in court," and this decision was in harmony with the ruling of other courts upon the same question.

We suppose that the mere taking of a deposition, on notice to the adverse party, does not constitute the testimony, thus given, legal evidence. It is still open to objection; and in all cases where the deponent, though originally competent, becomes incompetent at the time it is offered in evidence, it must be rejected; 17 S. & R. 412; *Chess* v. *Chess*; 14 Mass. 236, *Le Baron* v. *Crombie.*

There may be exceptions to the rule when the incompetency is induced by the adverse party; but we find no deviation from it when the disability is brought about by the witness himself, or even by the act of God.

It is urged upon us, by counsel, that the ruling of the judge at special term, if adopted as the true construction of the code, may produce, in many cases, very great injury to suiters, who will thus be deprived of the benefit of important, perhaps, even their only testimony. This argument, like many others, " *ab inconveniente*," may be entitled to consideration in cases exceedingly doubtful, or where the operation of the law, depending upon judicial construction only, will be oppressive and urgent; but in the greater number of cases, the evil alluded to can not possibly exist. The death of witnesses, before a trial of the case, whether their testimony has been taken or not, is a fact that may always occur, and one

that equally affects all the litigant parties. The courts can not provide, for such a result, a substitute, or remedy, if it occurs. In the administration of justice, the instruments of evidence, as to their admissibility or competency, must depend on the state of fact existing when they were presented for examination. If they can not then be properly received as testimony, no previously-supposed competency can avail.

Judgment affirmed.